REED REALTY CO. v. RAU.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

COURTS ⬤⟿189(15)—MUNICIPAL COURTS—REVIEW—MOTION TO OPEN DEFAULT.

Under Municipal Court Code (Laws 1915, c. 279) § 129, subds. 1, 2, as a motion to vacate a judgment for nonservice of process is a matter of right, and if no process has been served the judgment is absolutely void, and the granting of a motion to open a default being within the discretion of the court, who may impose terms, but can vacate the judgment only to grant a new trial, denial of defendant's motion to open a default, after denial of his motion to vacate and set aside the judgment for nonservice of process, on the ground that the power of the court to grant the relief asked by the second motion had been exhausted by reason of the first, was error, since the motions are separate and distinct, and founded upon a different basis.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⬤⟿189(15).]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Reed Realty Company against Alfred M. Rau. From an order denying a motion to open a default, defendant appeals. Order reversed, motion granted, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

M. S. & I. S. Isaacs, of New York City (Lewis M. Isaacs, of New York City, of counsel), for appellant.

Loeb, Bernstein & Ash, of New York City (Mortimer B. Bernstein, of New York City, of counsel), for respondent.

PER CURIAM. A judgment was entered against the defendant upon an inquest. A motion to vacate and set aside the judgment upon the ground of nonservice of process was first made by the defendant, and denied, after the court below had heard the oral testimony of the process server. The defendant then moved to open the default, and to be permitted to file an answer and go to trial. This was denied, apparently and mainly upon the ground, now strenuously urged upon this appeal, that the power of the court below to grant the relief asked for by the second motion had been exhausted by reason of the first.

In this the court below erred. The motions are entirely separate and distinct, and founded upon a different basis, and are provided for in the Municipal Court Code in section 129, subdivisions 1 and 2. A motion to vacate a judgment for nonservice of process is made as a matter of right, and if no process has been served the judgment is absolutely void, and must be reversed, vacated, and set aside. There is no question of default in the matter. The granting of a motion to open a default rests within the sound discretion of the justice who hears the motion, and terms may be imposed, and, although the judgment may be vacated, it is for the purpose of ordering a new trial only. The cases cited by the respondent refer to the making of a second

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

motion, based upon the same grounds and asking for the same relief as a former one, and have no application to the situation in the present case.

Order reversed, motion to open default granted, and a new trial ordered, with $10 costs to appellant to abide the event.